UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARNEY HOSPITAL | ) | |
| TRANSITIONAL CARE UNIT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-2234 (RCL) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary | ) | |
| U.S. Department of Health | ) | |
| and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO DISMISS

_____Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,

defendant Michael O. Leavitt, Secretary of Health and Human Services, respectfully moves this

Court to dismiss this action for lack of subject matter jurisdiction, or, in the alternative, for

failure to state a claim upon which relief can be granted.  The grounds for this motion are set

forth in Defendant's Memorandum in Support of Motion to Dismiss, filed herewith.

Dated: June 8, 2007                           Respectfully submitted,


                                  _____/ s /_____
                                  JEFFREY A. TAYLOR
                                  United States Attorney
                                  D.C. Bar No. 498610

_____/ s /_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX: (202) 514-8780

ROBERT W. BALDERSTON
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
 Division
330 Independence Ave., S.W.
Cohen Building, Room 5309
Washington, D.C. 20201
(202) 619-3601/FAX: (202) 401-1405

Counsel for the Secretary

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARNEY HOSPITAL<br>TRANSITIONAL CARE UNIT | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )   Case No. 06-2234 (RCL) |
| | ) |
| MICHAEL O. LEAVITT, Secretary<br>   U.S. Department of Health<br>   and Human Services, | ) <br> ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Michael O. Leavitt, in his official capacity as Secretary of the United States Department of Health & Human Services, respectfully files this memorandum in support of his motion to dismiss. The Court should dismiss Plaintiff's complaint for lack of jurisdiction because, among other reasons, Plaintiff has not exhausted its administrative remedies, thus depriving this court of subject-matter jurisdiction to hear its claims at this time.

**PROCEDURAL HISTORY**

At the outset, it should be noted that all of the legal challenges presented in Plaintiff's complaint in this case are already pending before this Court in Carney Hospital Transitional Care Unit v. Leavitt, No. 04-1598 (RCL) (hereinafter "Carney I"). As the Plaintiff itself stated in a filing made in Carney I, the complaint in the instant case is "[l]argely a mirror image" of the complaint filed in Carney I. Carney I, Document No. 27 at 8. In order to understand the complete overlap between the legal arguments made by Plaintiff in Carney I and those made in

the instant complaint – and why both are premature, divesting this Court of subject matter jurisdiction at this time – it is necessary to briefly walk through the procedural history of Carney I.

Plaintiff filed a complaint in Carney I on September 14, 2004 challenging a decision of the Provider Reimbursement Review Board ("PRRB" or "Board").  The complaint challenged a final decision of the Secretary denying the skilled nursing facility an exemption to the cost limits for Medicare reimbursement.  Carney I, Complaint, Document No. 1.  On November 16, 2004, Defendant filed a Consent Motion to Stay Proceedings pending the D.C. Circuit's resolution of St. Elizabeth's Medical Center of Boston, Inc. v. Thompson, 396 F.3d 1228 (D.C. Cir. 2005).  That motion was granted by this Court on November 17, 2004.  The consent motion advised the Court that "one of the central issues in this case turns on the reasonableness of the Secretary's interpretation of the regulations contained at 42 C.F.R. § 413.30(e)." Carney I, Document No. 7 at ¶ 3 (collecting cases showing a circuit split on this issue).  The consent motion noted that "currently pending before the District of Columbia Circuit is a case [St. Elizabeth's] that raises the same legal question regarding the interpretation of 42 C.F.R. § 413.30(e)." Id. at ¶ 4.  The Court granted the motion to stay on November 17, 2004.  See Carney I, Document No. 8.

Rather than resolve the circuit split for the Court of Appeals, however, the court of appeals in St. Elizabeth's decided the case on more narrow grounds.  The Court found that the statute and regulations contemplate an evaluation of the facts surrounding the exemption request – specifically, a careful examination of the services provided by the nursing facility under previous ownership.  St. Elizabeth's, 396 F.3d 1228, 1234 (D.C. Cir. 2005).  Accordingly, given the applicability of St. Elizabeth's to the originally filed complaint in Carney I, and the new legal

standard announced in <u>St. Elizabeth's</u>, Defendant respectfully requested that this Court remand

the case to the agency for an examination of the facts articulated by the U.S. Court of Appeals for

the D.C. Circuit.  <u>Carney I</u>, Document No. 12.  The Plaintiff opposed the Secretary's motion to

remand, arguing the case before the Court had an administrative record and that the Court could

decide the relevant legal issues without remanding to the Secretary for his consideration of <u>St.

Elizabeth's</u>.  <u>See</u> <u>Carney I</u>, Document No. 16 at 1-2.  On June 1, 2006, this Court granted the

Secretary's motion and remanded the case to the Secretary "for application of the standard

announced in <u>St. Elizabeth's</u> . . . and for consideration of the full administrative record that was

before the Provider Reimbursement Review Board."[1]  <u>See</u> <u>Carney I</u>, Document No. 21.  The

Secretary is proceeding with the reconsideration of the nursing facility's exemption request as

contemplated by the remand order.  The first level of administrative review is complete and the

matter is now pending before the PRRB, with a final decision subject to judicial review pursuant

to the Medicare statute.  <u>See</u> 42 U.S.C. § 1395oo(f)(1).

During the course of this administrative review, on March 30, 2007, Plaintiff filed a

"motion for summary judgement" in <u>Carney I</u>.  <u>See</u> <u>Carney I</u>, Document No. 22.  Plaintiff's

motion sought to reopen <u>Carney I</u> to challenge an <u>initial</u> <u>decision</u> made by CMS agency

personnel on remand, a decision which is <u>not</u> the Secretary's final administrative decision on

---

[1] In his motion to remand, the Secretary stated as a separate and independent reason for remand that certain medical records were not forwarded from the PRRB to the Administrator of the Centers for Medicare & Medicaid Services ("CMS").  Therefore, when the Administrator of CMS declined to review the decision of the PRRB, making it the final agency decision for judicial review, the entire record that was before the Board was not before the Administrator. The Certified Administrative Record filed in <u>Carney I</u> reflects that these medical records were not included in the materials sent to the Administrator.  The Court agreed with this separate and independent reason for remand.

remand.  When Carney I was remanded to the Secretary for reconsideration in light of St. Elizabeth's, the initial step in that reconsideration was for the CMS policy component responsible for conduction initial exemption evaluations to collect and review the medical documentation from the nursing facility and render an initial determination under the St. Elizabeth's standard.  The provider was then afforded the opportunity to challenge those initial findings before the PRRB, as contemplated by statute and regulation.  See Carney I, Document No. #22, Exhibit D to Plaintiff's Motion for Summary Judgment and Sanctions ("MSJ").  On November 2, 2006, the agency issued its initial decision on remand and reiterated that if Plaintiff was dissatisfied with this initial decision, "as provided at 42 CFR 413.30(c), it may seek review of this decision by filing a request for hearing with the Provider Reimbursement Review Board within 180 days of the date of this decision."  See Plaintiff's Complaint, Exhibit A at 6.

Although the nursing facility sought Board review of the initial decision, it has attempted to short-circuit that review by simultaneously filing a motion for summary judgment with this Court in the closed Carney I case and filing this new complaint.  Both such court filings challenge the initial CMS decision and both seek the same relief.  As Plaintiff stated in Carney I in its Reply Memorandum, "[l]argely a mirror of the Complaint filed in September, 2004, the second Complaint describes the actions taken subsequent to the filing of the original Complaint, raises the identical three bases for awarding a new provider exemption, and seeks substantially identical relief to that sought in the first Complaint."  Carney I, Document No. 27 at 8. Defendant could not have stated it better himself.  This nursing facility now has two filings pending before this Court: (1) a filing seeking to resurrect the remanded case, No. 04-1598; and (2) a newly filed complaint, No. 06-2234.  Plaintiff asserts the very same legal challenges in both

filings.

Furthermore, in addition to filing a motion for summary judgment and a new complaint raising the same legal challenges, Plaintiff is also pursuing the administrative process made available by the Secretary.  On April 19, 2007, Plaintiff noticed an appeal of the agency's initial determination with the PRRB (attached hereto as Exhibit A).  Plaintiff noted that its appeal was filed pursuant to its statutory and regulatory rights.  See Exhibit A at 1 (citing 42 U.S.C. § 1395oo and 42 C.F.R. §§ 405.1835 and 405.1841).  This appeal with the PRRB is in accordance with the instructions contained in the remand notice from the Secretary, as well as the instructions contained in initial CMS decision dated November 2, 2006.  By filing this appeal with the PRRB, Plaintiff guarantees that it will receive administrative review of CMS' initial decision dated November 2, 2006 and obtain a "final decision" of the Secretary, which then will be the proper subject of judicial review.  See 42 U.S.C. § 1395oo(f)(1).  Because there is no "final decision" of the Secretary giving rise to this Court's subject-matter jurisdiction over the recent Carney I summary judgment filing, the Secretary has moved to deny the motion and dismiss that case.  As Plaintiff is bringing those very same legal challenges in the instant complaint, the Secretary likewise moves this Court to dismiss the instant complaint for lack of subject-matter jurisdiction.

## ARGUMENT

I.    **BECAUSE PLAINTIFF FAILED TO PURSUE ITS ADMINISTRATIVE REMEDIES BEFORE COMING TO THIS COURT, THIS CASE SHOULD BE DISMISSED FOR LACK OF JURISDICTION**

By filing a new complaint challenging an initial administrative decision, not the final decision of the Secretary, Plaintiff attempts to circumvent the well-settled requirement that

plaintiffs must exhaust administrative remedies available under the Medicare statute before

coming to court. <u>See</u> 42 U.S.C. § 1395oo(f)(1). Plaintiff's attempt to skip the administrative

process runs afoul of the explicit requirements of the Medicare Act, deprives the Secretary of his

opportunity to review the decision of his lower agency officials, and it ultimately deprives this

Court of jurisdiction.

A.     <u>Plaintiff's complaint should be dismissed because the Medicare Act provides for certain procedures for review of new provider exemption requests.</u>

Plaintiff's complaint challenging an initial decision made by the CMS policy component

is improper because Plaintiff has not exhausted its administrative remedies as required by the

Medicare Act. In a new provider exemption case such as the one at bar, the provider submits a

request for a new provider exemption, <u>see</u> 42 C.F.R. § 413.30(c), and that request is reviewed by

a component of CMS which issues a written decision. That initial decision of the CMS

component is then reviewable by the PRRB (<u>see</u> 42 U.S.C. § 1395oo(a); 42 C.F.R.

§ 413.30(c)(2)), and if the provider is still dissatisfied with the agency's decision, the provider

may seek review by the Administrator of CMS which is the final decision of the Secretary

subject to judicial review. <u>See</u> 42 U.S.C. § 1395oo(f)(1); 49 Fed. Reg. 35,247, 35,248 § F.30.E

(1984) (delegating authority from Secretary to Administrator of CMS). During the course of the

remand proceedings to date, the Plaintiff has received the decision of the policy component of

CMS, and it has noticed an appeal with the the PRRB, as required by 42 U.S.C. § 1395oo.

Medicare is a "massive" and "complex" health-insurance program, <u>Shalala v. Illinois</u>

<u>Council on Long Term Care, Inc.</u>, 529 U.S. 1, 13 (2000), that processes almost a billion claims a

year, <u>2004 CMS Statistics</u> 43 (HHS October 2004), pursuant to "hundreds of pages of statutes

and thousands of pages of often interrelated regulations." <u>Illinois Council,</u> 529 U.S. at 13.

Providers, such as hospitals, skilled nursing facilities, home health agencies, have their claims for

Medicare payment "channeled," <u>id</u>. at 12, through an "adjudicative structure," <u>Shalala v.</u>

<u>Guernsey Mem'l Hosp.</u>, 514 U.S. 87, 96 (1995), the purpose of which is to help the Secretary

produce a "final" decision that the hospital may ultimately challenge in district court it thinks the

underlying Medicare decision is wrong.  42 U.S.C. § 1395oo(f)(1).

In order to manage and cope with the enormous caseload generated by the Medicare

program, the Secretary relies on his administrative process, with particular levels of expertise

applied at each level of review.  In the case of a provider requesting an exemption from routine

cost limits, the Medicare Act places the initial decision in the hands of the CMS policy

component that routinely deals with these requests, 42 C.F.R. § 413.30(c), with review by the

PRRB, which is a "five-person board, all of the members of which are required by statute 'to be

knowledgeable in cost reimbursement,' and at least one of the members of which must be a

certified public accountant." <u>Sisters of St. Francis Health Services, Inc. v. Schweiker</u>, 514

F.Supp. 607, 608 (D.D.C. 1981) (quoting 42 U.S.C. § 1395oo(h)).  After the PRRB applies its

expertise to the cost issue in dispute, unless it requires review by the CMS Administrator who

must make a decision within 60 days, it becomes the final decision of the Secretary subject to

judicial review.  <u>See</u> 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1875.

On June 1, 2006, this Court remanded Plaintiff's Medicare cost limit exemption request

to "the Secretary of the United States Department of Health and Human Services" for application

of the standard announced in <u>St. Elizabeth's</u>, and for consideration of the full administrative

record that was before the Provider Reimbursement Review Board.  When the Court remanded

the matter to the Secretary, it was incumbent upon the Secretary to implement the reconsideration.  Because the review contemplated by the <u>St. Elizabeth's</u> decision and the remand order necessitated an evaluation of extensive medical records, the Secretary was confronted with two choices: (1) the Secretary could have remanded the case directly to the PRRB for a de novo hearing without an initial agency review, a unique proceeding for the Board; or (2) the Secretary could remand the case to the CMS policy component to initially apply the newly announced legal standard, with review by the PRRB.

As the CMS policy component never had occasion to apply the newly announced legal standard of "primarily engaged in" providing skilled nursing services in the first instance, and because this was the review process contemplated by the Federal regulations, the Secretary opted for the latter choice.  If the CMS policy component had determined that the original nursing facility at issue was not "primarily engaged in" providing skilled nursing services, that would have been the end of this matter.  However, because that was not the case, the provider was entitled to independent review from the Board, which it is now pursuing.

Moreover, it is worth noting that the CMS policy component took less than four months to perform its review of the record and issue its initial decision.  The component reviewed medical records that were before the PRRB, summaries of medical records contained in the administrative record, as well as various other documents in an administrative record that extends more than 4,300 pages.  The agency performed its review of these records and issued its findings in the initial decision on November 2, 2006.  This letter, the agency's initial determination upon remand, now serves as the basis for the PRRB's independent review, but it is in no way determinative of how the PRRB will rule.  Indeed, the Board will review the policy component's

decision against the record evidence to determine wether the original nursing facility was

"primarily engaged in" providing skilled nursing care, as is required in the wake of <u>St.</u>

<u>Elizabeth's</u>.  Only after such review is completed will the Secretary issue a final decision that

may be brought to this Court.

Nonetheless, Plaintiff is attempting to shift the forum for challenging factual findings

from the proper forum, the PRRB, to this Court.  Allowing Plaintiff to proceed immediately to

this Court would force the parties to engage in various factual disputes over skilled services,

when they were provided, and with what frequency.  These factual disputes are record-intensive,

involving review of extensive medical records and their summaries.  These are proceedings that

the Medicare statute, regulations and the APA all dictate are appropriately left to an

administrative hearing, with Federal court review confined to the record established below.  <u>See</u>

42 U.S.C. § 1395oo(f)(1).  Thus, the Secretary respectfully offers that the proper arena for

Plaintiff to initially challenge the nature of skilled services, how often they were performed, and

whether the facility was primarily engaged in providing skilled services, is the PRRB.  This

Court simply should not be in the position of having to judge these issues without, most

importantly, the benefit of a decision by the PRRB and a final decision from the Secretary.

The remand is moving forward in a prompt and orderly fashion.  The policy component

has issued its initial decision and Plaintiff has noticed its appeal with the PRRB.  Accordingly,

the Court should dismiss the instant complaint for lack of subject matter jurisdiction and allow

this matter to proceed through the remand process, producing a final decision of the Secretary

which the Plaintiff may, if still dissatisfied, challenge in a federal district court.  Plaintiff simply

presents this Court with no final decision of the Secretary to review.  Without such a decision,

this Court lacks jurisdiction to review the complaint.

B.    <u>Plaintiff's complaint should be dismissed because allowing it to proceed would deprive the Secretary of his opportunity to review a decision of lower administrative personnel.</u>

As noted above, when this Court remanded <u>Carney I</u> to the Secretary for "for application of the standard announced in <u>St. Elizabeth's</u> . . . and for consideration of the full administrative record that was before the Provider Reimbursement Review Board," <u>see</u> <u>Carney I</u>, Document No. 21, the Secretary, in turn, referred this case to the relevant CMS policy component and made clear that the component's initial decision would be "subject to the appeal provisions of subpart R of part 405 of Chapter 42 of the CFR." (Providing for administrative review by the PRRB). <u>See</u> <u>Carney I</u>, Document No. 22, Exhibit D to Plaintiff's MSJ.  This Court remanded this matter to the Secretary and the Secretary, in turn, was well within his discretion to refer the matter to a lower agency component with attendant administrative review available to the provider. <u>Anaheim Memorial Hosp. v. Shalala</u>, 130 F.3d 845, 851 (9th Cir. 1997) (citing <u>Association of American Med. Colleges v. Califano</u>, 569 F.2d 101, 109 (D.C. Cir. 1977)).  To allow Plaintiff to take the initial decision of the CMS policy component and file a complaint for judicial relief in this Court would be contrary to the Medicare Act's channeling requirement and the congressional mandate that only the final decision of the Secretary by subject to judicial review.  <u>See</u>, <u>e.g.</u>, <u>Weinberger v. Salfi</u>, 422 U.S. 749, 765 (1975) ("Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have the opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience an expertise, and to compile a record which is

adequate for judicial review.").[2]

      In an effort to establish jurisdiction and avoid the straight-forward effect of this Court's remand order and the Secretary's ongoing administration of that order directing further consideration of the record by the PRRB and the Administrator of CMS, Plaintiff attempts to cast the initial November 2, 2006 decision of the CMS policy component as "the determination of the Secretary." See Plaintiff's Complaint at ¶¶ 44-45. However, it is not clear that Plaintiff actually believes this argument. Counsel for Plaintiff is an experienced health care litigator and understands the difference between a CMS policy component, the PRRB, and a final decision of the Secretary, issued by his delegate, the Administrator of CMS. The initial decision of CMS was a "the final decision" only of the CMS policy component that conducted an initial review. That decision gave rise to the right to a hearing before the PRRB. Indeed, "the determination" of the policy component itself states that if Carney is dissatisfied with the agency decision, "it may seek review . . . with the Provider Reimbursement Review Board." See Plaintiff's Complaint, Exhibit A at 6. Clearly it is not the final decision of the Secretary. Upon receiving this decision, Plaintiff did file an appeal with the PRRB, Exhibit A, and Plaintiff recognized, without the benefit of any argument by the Secretary, that "it [could be] determined that the District Court

---

     [2] It is clear from Plaintiff's complaint that Plaintiff takes issue with the initial decision made by CMS on remand. See Plaintiff's Complaint at ¶ 46 (arguing the initial decision "relies extensively on information nowhere presented to the [PRRB]"); Id. at ¶ 47 (arguing the initial decision "is unsupported by the administrative record . . ."). But these are precisely the type of arguments that support the channeling requirement: Allowing Plaintiff to proceed in this Court would deprive the PRRB of its opportunity to review the decision of CMS, see 42 C.F.R. § 405.1867 (PRRB only bound by Medicare Act, regulations, and Rulings in reviewing decisions of CMS), and it would ultimately deprive the Secretary of his opportunity for review and his opportunity to issue a final decision, contrary to the Medicare Act's channeling requirements articulated in Weinberger v. Salfi.

does not have jurisdiction over this matter." Id. at 2.  Indeed, that is the appropriate decision for this Court to make.  Plaintiff has characterized the November 2, 2006 decision of the CMS policy component as "the determination of the Secretary" in an effort to try and establish jurisdiction at this time.  Nonetheless,  Plaintiff's assertion is belied not only by the plain language of the Secretary's remand order and the November 2, 2006 initial decision of CMS, but also by Plaintiff's own actions and its recognition that this Court might very well rule that it "does not have jurisdiction over this matter."[3]  The CMS policy component's decision is not the final agency decision and it is not appealable to this Court.

C.      Plaintiff's complaint should be dismissed because under the Medicare Act and long-standing Supreme Court case law Plaintiff has not exhausted its administrative remedies, thus depriving this Court of subject matter jurisdiction.

The end result of Plaintiff's failure to exhaust its administrative remedies on remand is that it deprives this Court of jurisdiction to hear its claims.  By not following the procedures set-forth in regulation, see 42 C.F.R. § 413.30(c), and statute, see 42 U.S.C. §§ 1395oo(a), (f), Plaintiffs have not secured a final decision of the Secretary, which can be the only basis for review by this Court.  "Judicial review may be had only after the claim has been presented to the Secretary and administrative remedies have been exhausted."  American Chiropractic Ass'n, Inc. v. Leavitt, 431 F.3d 812, 816 (D.C. Cir. 2005).  The Secretary's regulations and his remand order

───────────────────────

[3] Indeed, it is apparent that Plaintiff does know the proper course to follow – appeal any adverse decision by the CMS policy component to the PRRB – but that Plaintiff simply does not want to have to pursue that remedy.  There are now three separate filings – one properly made with PRRB, and two prematurely made in this Court – that deal with precisely the same legal objections to the November 2, 2006 initial decision of CMS.  In the interest of judicial economy and the law's disfavor of parallel proceedings before different tribunals on the same matter, see, e.g., ICC v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 284-85 (1987), this Court should deny Plaintiffs attempts to proceed here and allow proceedings before the PRRB to continue apace.

in this case specifically provide for further administrative review of the initial decision of the CMS policy component. As such, the Plaintiff has not secured a "final decision" decision of the Secretary, <u>see</u> 42 U.S.C. § 1395oo(f)(1), and this Court is without jurisdiction to hear Plaintiff's claims. <u>See</u> 42 U.S.C. §§ 405(h), 1395ii.

Related provisions of the Medicare and Social Security Acts "channel[] most, if not all, Medicare claims through [a] special review system" that requires exhaustion of administrative remedies before judicial review may be sought. <u>Illinois Council</u>, 529 U.S. at 8; <u>see also</u> <u>American Chiropractic</u>, 431 F.3d at 816. Under 42 U.S.C. § 405(g), only <u>final decisions</u> of the Secretary are subject to judicial review in federal district court. Section 405(h) makes this avenue of judicial review exclusive, by preventing claims that could be reviewed under § 405(g) from being asserted under the general grant of federal subject matter jurisdiction, 28 U.S.C. § 1331. <u>See</u> 42 U.S.C. § 405(h), 1395ii.[4]

As the Supreme Court wrote in <u>Weinberger v. Salfi</u>, interpreting Social Security Act provisions mandating a final decision of the Secretary prior to judicial review, such a requirement presents "something more than simply a codification of the judicially developed doctrine of exhaustion," 422 U.S. 749, 766 (1975). Exhaustion under §§ 405 (g) and (h) is, in fact, "a statutorily specified jurisdictional prerequisite." <u>Id.</u> As the Court of Appeals for this circuit has noted, such a statute exacts a final administrative determination "as a jurisdictional

---

[4] This statutory bar disposes of the alternative argument in Plaintiff's complaint that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Complaint at ¶ 3. Section 405(h), as incorporated to the Medicare Act by § 1395ii, clearly bars Plaintiff from proceeding with a section 1331 lawsuit. The only question remaining, therefore, is whether Plaintiff can assert jurisdiction pursuant to 42 U.S.C. § 1395oo(f) and, for all the reasons cited herein, the Secretary respectfully offers that Plaintiff cannot make that case.

postulate." <u>Association of Am. Medical Colleges v. Califano</u>, 569 F.2d 101, 109 (1977) (dealing

with the Medicare Act, 42 U.S.C. § 1395oo); <u>see also</u> <u>American Chiropractic</u>, 431 F.3d at 816.[5]

Without jurisdiction to hear Plaintiff's claims, the Secretary respectfully offers that this Court is

constrained to dismiss the instant complaint.

---

[5] While administrative exhaustion and a "final decision" of the Secretary are jurisdictional prerequisites under the Medicare Act, it is still helpful keep in mind the purposes behind the exhaustion doctrine, all of which argue in favor of allowing the Secretary to follow his statutory and regulatory administrative procedures:

> "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resource, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'"

<u>Nichols v. Board of Trustees of Asbestos Workers Local 24 Pension Plan</u>, 725 F.Supp. 568 (D.D.C. 1989) (citing and quoting <u>McKart v. United States</u>, 395 U.S. 185, 193-95 (1969)).

## CONCLUSION

For the foregoing reasons, this Court should grant Defendant's motion to dismiss.

June 8, 2007

Respectfully submitted,

_____/ s /_____

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____/ s /_____

MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX: (202) 514-8780

ROBERT W. BALDERSTON
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
 Division
330 Independence Ave., S.W.
Cohen Building, Room 5309
Washington, D.C. 20201
(202) 619-3601/FAX: (202) 401-1405

Counsel for the Secretary

## CERTIFICATE OF SERVICE

I hereby certify that on June 7th, 2007, an electronic copy of the foregoing Defendant's

Motion to Dismiss will be served on plaintiff's counsel *via* the United States District Court's

Electronic Case Filing program.

                                                        / s / _____

                                              MEGAN L. ROSE
                                              Assistant United States Attorney
                                              N.C. Bar No. 28639
                                              Civil Division
                                              555 Fourth Street, N.W.
                                              Washington, D.C. 20530
                                              (202) 514-7220/FAX: (202) 514-8780

# ROPES
# &GRAY

ROPES & GRAY LLP

ONE INTERNATIONAL PLACE      BOSTON, MA 02110-2624    617-951-7000    F 617-951-7050

BOSTON    NEW YORK    PALO ALTO    SAN FRANCISCO    WASHINGTON, DC    www.ropesgray.com


April 19, 2007                                              Jeffrey L. Heidt
                                                           617-951-7390
                                                           Jeffrey.Heidt@ropesgray.com



## BY OVERNIGHT DELIVERY

Chairperson Suzanne Cochran
Provider Reimbursement Review Board
2520 Lord Baltimore Drive
Suite L
Baltimore, MD 21244-2670

Re:    Carney Hospital Transitional Care Unit
       Provider No. 22-5681
       FYE 9/30/96, 9/30/97, 9/30/98
       Provider's Request for Hearing:  Denial of New Provider Exemption Request

Dear Chairperson Cochran:

Carney Hospital Transitional Care Unit (the "Provider") makes this request for hearing to the
Provider Reimbursement Review Board (the "Board") pursuant to Section 1878 of the Social
Security Act (42 U.S.C. §1395oo) and 42 C.F.R. §§ 405. 1835 and 405.1841.  The Provider
requests a hearing from the final determination of the Centers for Medicare & Medicaid Services
("CMS") issued on November 2, 2006, and attached hereto as Exhibit 1.  The Provider disagrees
with CMS's final determination that it is not entitled to an exemption from the routine cost limits
as a new provider under 42 C.F.R. § 413.30(e)(2) for its cost reporting periods ended September
30, 1996, September 30, 1997 and September 30, 1998.  Moreover, as set forth below, the
Provider files this request without waiving its position that CMS improperly has directed it to the
Board for a hearing which is not legally required.  The Provider reminds this Board that the
Provider's initial request for exemption was filed and denied in 1996, that the Provider timely
requested a hearing before the Board, which hearing fully was conducted on February 7 and 8,
2002, and that this Board issued a decision on July 16, 2004.  The Provider asserts that neither
law nor logic, nor basic principles of fairness, require it to stand in queue for a second, redundant
hearing.

CMS's final decision issued on November 2, 2006, from which the Provider now files this
request for hearing, follows considerable administrative and judicial process in this matter
including:  (1) a full two day administrative hearing at the Board on February 7 and 8, 2002
(Case Nos. 96-2359 and 01-0124); (2) a September 14, 2004, appeal to the United States District
Court for the District of Columbia; (3) a June 1, 2006, decision by the District Court remanding

10489641_1

ROPES & GRAY LLP

Chairperson Suzanne Cochran                 - 2 -                          April 19, 2007

the case to the Secretary of the United States Department of Health & Human Services (by Order attached hereto as Exhibit 2), for "application of the standard announced in <u>St. Elizabeth's Medical Center of Boston v. Thompson</u>," 396 F.3rd 1228 (D.C. Cir. 2005) to "the full administrative record that was before the Provider Reimbursement Review Board;" and (4) a July 7, 2006, decision by the Deputy Administrator for CMS delegating to CMS the obligation imposed upon the Secretary by the District Court's June 1, 2006, Order, to render a determination on the Provider's entitlement to a new provider exemption.

The Provider contends that CMS's November 2, 2006, final determination violated the district court's June 1, 2006, Order because it misconstrued and misapplied the standard mandated by the D.C. Circuit in <u>St. Elizabeth's Medical Center</u> and because it relied extensively on information not included in the administrative record. Accordingly, on December 28, 2006, the Provider again filed a complaint in the United States District Court for the District of Columbia challenging CMS's November 2, 2006, final determination. On March 30, 2007, the Provider filed a motion for summary judgment and sanctions in the original District Court action.

The Provider believes that the District Court which issued the remand order retains jurisdiction over this matter and the question of whether CMS's final determination is consistent with its Order. The Provider further believes that it has exhausted the administrative process and should not be compelled to re-litigate evidence presented to the Board at two full days of hearing on February 7 and 8, 2002. Nevertheless, in an abundance of caution and to preserve its rights in the event that it is determined that the District Court does not have jurisdiction over this matter, the Provider submits this request for hearing challenging CMS's November 2, 2006, final determination.

The Provider disagrees with CMS's determination in the following respects:

    1.     The Provider disagrees with CMS's application of the standard announced in <u>St. Elizabeth's Medical Center of Boston v. Thompson</u> to the full administrative record that was before this Board in Case Nos. 96-2359 and 01-0124. The Provider believes that CMS misconstrued the "primarily engaged" standard set forth in <u>St. Elizabeth's</u> by focusing on the number of Franklin Nursing Home residents which may have received occasional skilled services rather than considering the overall frequency and regularity with which Franklin Nursing Home provided skilled services to residents who required such services on a daily basis.

    2.     The Provider disagrees with CMS's determination because it is violative of the Court's Order in its consideration of extraneous evidence beyond the full administrative record that was before the Board in Case Nos. 96-2359 and 01-0124.

    3.     The Provider disagrees with CMS's determination to the extent that CMS erroneously concluded that the Provider was the previous owner of Franklin Nursing Home.

10489641_1

ROPES & GRAY LLP

Chairperson Suzanne Cochran                  - 3 -                      April 19, 2007

    4.     The Provider disagrees with CMS's determination that Franklin Nursing Home was primarily engaged in providing skilled services to its residents and, therefore, was substantially equivalent to the Provider.

    5.     The Provider disagrees with CMS's determination that the Provider is not entitled to a new provider exemption because it did not serve a substantially different inpatient population than the Franklin Nursing Home. The Provider claims that CMS's final determination rests on administrative guidance in effect at the time of the Provider's new provider application and is based on an analysis not supported by substantial evidence.

The amount of Medicare reimbursement in controversy in this appeal is approximately $1,000,000 for the fiscal year ended September 30, 1996, $1,000,000 for the fiscal year ended September 30, 1997, and $1,000,000 for the fiscal year ended September 30, 1998. The amount of Medicare reimbursement in controversy in this appeal exceeds, therefore, the $10,000 statutory threshold established by 42 U.S.C. § 1395oo(a)(2).

I am providing notice of this filing to the fiscal intermediary by sending by certified mail copies of this letter and its attachments to the individuals listed below. Please advise me if the Board desires additional information or requires any further action by the Provider at this time.

Very truly yours,

*Jeffrey L. Heidt (DKG)*

Jeffrey L. Heidt

Enclosures

cc:    Mr. Vincent Guarino (by certified mail)
       Mr. Wilson Leong (by certified mail)
       Mr. Gene Nickerson (by certified mail)
       Mr. Laurence D. Wilson (by certified mail) ✓

<u>CERTIFICATE OF SERVICE</u>

I, Deborah Kantar Gardner, hereby certify that on April 19, 2007, I served this letter and its accompanying exhibits upon the fiscal intermediary by sending a copy of same by certified mail to: (1) Mr. Vincent Guarino, Medicare Audit and Reimbursement Department, Associated Hospital Service, 50 Salem Street, Lynnfield, MA 01940-2694; (2) Mr. Wilson Leong, Blue Cross and Blue Shield Association, 225 North Michigan Avenue, Chicago, IL 60601-7680; (3) Mr. Gene Nickerson, 110 Free Street, Mail Stop 2F010, Portland ME, 04101; and (4) Mr.

10489641_1

ROPES & GRAY LLP

Chairperson Suzanne Cochran                  - 4 -                      April 19, 2007


Laurence D. Wilson, Director, Chronic Care Policy Group, Center for Medicare Management,
Center for Medicare & Medicaid Services, 7500 Security Boulevard, Mail Stop C5-06-27,
Baltimore, MD 21244-1850.

Deborah Kantar Gardner

10489641_1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARNEY HOSPITAL | ) | |
| TRANSITIONAL CARE UNIT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-2234 (RCL) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary | ) | |
| U.S. Department of Health | ) | |
| and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Upon consideration of Defendant's motion to dismiss, plaintiff's opposition thereto, and

the entire record herein, it is hereby

ORDERED that defendant's motion is GRANTED, and it is

FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE, granting

Plaintiff leave to re-file a new complaint if and when Plaintiff has exhausted its administrative

remedies during the course of remand, which was ordered by this Court in its Order dated June 1,

2006 in Case No. 04-1598.


Dated:_____                    _____

                                                  ROYCE C. LAMBERTH
                                                  United States District Judge