UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARNEY HOSPITAL )<br>    TRANSITIONAL CARE UNIT )<br>                               )<br>       Plaintiff, )<br>                               )<br>     v. )<br>                               )<br>MICHAEL O. LEAVITT, Secretary )<br>    U.S. Department of Health )<br>    and Human Services, )<br>                               )<br>       Defendant. )<br>_____ ) | Case No. 06-2234 (RCL) |

## **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The Secretary of Health & Human Services ("Secretary" or "Defendant") respectfully submits this reply memorandum in support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.[1]  As Plaintiff correctly notes, the complaint filed in this action raises claims that are substantially similar (indeed, perhaps identical) to claims that have been filed and are currently pending in Carney Hospital Transitional Care Unit v. Leavitt, No. 04-1598 (RCL) ("Carney I").  Pl's Mem. at 2, n.2.  Carney I is currently the subject of Plaintiff's motion for summary judgment, Defendant's opposition thereto and motion to dismiss, and respective replies by both sides.  Furthermore, the claims in the instant case, what the Secretary will refer to as "Carney II" for ease of reference, are the subject of a motion to dismiss by the Secretary and an opposition thereto.  Accordingly, many if not all of the points raised in Pl's Mem. have already been addressed, in some instances numerous times.  Nonetheless, the Secretary would like to take this opportunity to address and correct three points raised in Plaintiff's opposition; the remainder

---

[1] Defendant's opening memorandum is cited herein as "Def's Mem."  Plaintiffs' opposition memorandum is cited as "Pl's Mem."

of Plaintiff's contentions have already been responded to in the Secretary's various filings.

1. <u>Plaintiff has not exhausted its administrative remedies with respect to the remand ordered in this case.</u>  Responding to the Secretary's argument that Plaintiff has not exhausted administrative remedies with respect to this Court's remand, Plaintiff begins its opposition by walking-through the various steps it took during the course of its original request for an exemption from the Medicare cost limits applicable to skilled nursing facilities.  Pl's Mem. at 2-3.  In short, Plaintiff describes the steps it took before filing the complaint in <u>Carney I</u>.  Plaintiff wholly fails to demonstrate, however, that it has followed the administrative process necessitated by this Court's June 2, 2006 remand order and the Secretary's instructions implementing that remand order.

Plaintiff attempts to short-circuit administrative review of the remand by arguing that once a preliminary review of the data was completed it had the right to return to court.  Pl's Mem. at 4, 8-9.  No final decision of the Secretary has been issued pursuant to the remand.  Therefore, it is premature for the Court to wade back into this case at this time.

The Secretary's instructions for implementing this Court's remand order is before this Court in <u>Carney I</u>, Document No. #22, Exhibit D to Plaintiff's Motion for Summary Judgment.  Those instructions direct Centers for Medicare & Medicaid Services ("CMS") to "render a determination on whether the Provider is entitled to a new provider exemption to the SNF cost limits; <u>and [t]hat this determination will be subject to the appeal provisions of subpart R of part 405 of Chapter 42 of the CFR.</u>"  <u>Id.</u>  (Emphasis added.)  Accordingly, the Secretary's remand order contemplated that the CMS policy component would issue an initial decision (which it did on November 2, 2006), and that Plaintiff, if still aggrieved, could file an administrative appeal,

which would, in turn, produce a "final decision" of the Secretary. The plain language of the Secretary's instructions simply provides no basis for Plaintiff's suggestion that the Secretary "delegated" his authority to make a "final decision" regarding Plaintiff's new provider exemption to the policy component of CMS. Rather, the Secretary received this Court's June 2, 2006 order of remand and forwarded it to the appropriate policy component of CMS and provided for subsequent administrative review. By attempting to bypass the Secretary's instructions for administrative review during the course of remand, Plaintiff has not secured a "final decision" of the Secretary, and thus this Court does not yet have subject matter jurisdiction to hear Plaintiff's claims.

Plaintiff also attempts to seize upon the language in CMS's November 2, 2006 initial decision to suggest that this matter is now ripe for this Court's review. Specifically, Plaintiff relies on the statement in the initial decision that this is the "final decision of the CMS." Carney I, Document No. #22, Exhibit E at 6. Putting aside the question what it means to be a "final decision of CMS," the sentence to which Plaintiff refers is immediately followed by this sentence: "If Carney Hospital Transitional Care Unit is dissatisfied with this decision, as provided 42 CFR 413.30(c), it may seek review of this decision by a request for hearing with the Provider Reimbursement Review Board . . . ." Id. It is only by taking words out of context and omitting surrounding text that Plaintiff can even begin to argue that it has received the "final decision" of the Secretary, or that it has exhausted its administrative remedies. Furthermore, as the Secretary discussed in his memorandum in support of his Motion to Dismiss, there is a difference between an initial decision of a policy component of CMS and a final decision of the Secretary's Provider Reimbursement Review Board. Def's Mem. at 10. The November 2, 2006

decision was the "final decision" of the CMS policy component, but it was not the "final decision" of the Secretary of Health & Human Services.  The Medicare statute, applicable federal regulations, and the Secretary's remand instructions make clear that the policy component's decision becomes the final decision of the Secretary only if it is accepted by the hospital.  That has simply not occurred here.

     2.  <u>What the Secretary was afraid of: A stay of the proceedings before the PRRB.</u>  In its opposition to the Secretary's motion to dismiss, Plaintiff endeavors to suggest that the remand proceedings have been placed in abeyance due to the actions of the Secretary.  Pl's Mem. at 5-6.  This is not correct.  Rather, the fact that Plaintiff has filed various motions with this Court has caused the Secretary's contractor and the Provider Reimbursement Review Board to question the efficacy of moving forward administratively while it is at least possible this Court might also exercise jurisdiction over the very same claims.

In his memorandum in support of his motion to dismiss, the Secretary advised the Court that Plaintiff filed three actions challenging CMS's November 2, 2006 initial decision – the claims made in <u>Carney I</u>; the claims made in this case (<u>Carney II</u>); and the claims made by Plaintiff in an administrative appeal filed with the PRRB.  The Secretary asked the Court to dismiss Plainitiff's claims in federal court "[i]n the interest of judicial economy and the law's disfavor of parallel proceedings before different tribunals on the same matter."  Def's Mem. at 14, n.3 (citing <u>ICC v. Brotherhood of Locomotive Engineers</u>, 482 U.S. 270, 284-85 (1987)).  This would allow the proper administrative process to produce a final decision of the Secretary on the issue of Plaintiff's request for an exemption from the applicable cost limits.  In the face of this Court's potential exercise of its jurisdiction, however, it appears that the hospital, the

Secretary's contractor (the fiscal intermediary),[2] and the PRRB think it best to wait and see what transpires in this Court before moving forward with the administrative resolution to this matter.

 Thus the Board proceedings have been placed on hold as a result of Plaintiff's decision to attempt to move directly to this Court. The stay is particularly unfortunate here because it appears the PRRB was ready to move forward with a hearing on June 28, 2007. The letter from the fiscal intermediary to the Board states that the Board had a hearing date scheduled for a later fiscal year regarding Carney Hospital and that "the Board has consolidated all years for hearing on this date." Pl's Mem. at Exhibit A. Thus, administrative resolution of this matter has been further delayed as a result of Plaintiff's recent district court filings. This Court's dismissal of Plaintiff's summary judgment filing in Carney I and complaint in Carney II will place the matter back on track administratively.

 3. Anaheim Memorial Hospital v. Shalala, 130 F.3d 845 (9th. Cir. 1997), is directly applicable to the instant case. In the Secretary's memorandum in support of his motion to dismiss, he cited Anaheim Memorial for the proposition that the Secretary acts within his discretion in referring a matter to a lower agency component with attendant administrative review available to the provider. Def's Mem. at 12. Plaintiff, in opposition, argues Anaheim

---

[2] It is worth noting that the Secretary is not a party to the PRRB hearing. The Secretary hires contractors, usually insurance companies, to make payment determinations for health-care providers. 42 U.S.C. § 1395h. When contractors process Part A claims, they are known as "fiscal intermediaries." 42 C.F.R. § 421.100. And before the PRRB, the "parties to the Board hearing" are "the provider," "the intermediary (including [CMS] when acting directly as intermediary)," and "any other entity found by the intermediary to be a related organization of such provider." 42 C.F.R. § 405.1843(a). Unless acting as an intermediary, "neither the Secretary nor [CMS] may be made a party" to the Board hearing. 42 C.F.R. § 405.1843(b). Accordingly, when the fiscal intermediary requested a stay from the PRRB he did so as a contractor of the Secretary, with his own considerations and caseload, requesting a stay from the PRRB, which is itself an independent Board that maintains its own docket.

Memorial is "plainly distinguishable," because in that case the district court remanded the case directly to the PRRB.  Plaintiff does nothing more to provide a rationale why that makes Anaheim Memorial distinguishable.  Pl's Mem. at 12

As the Court of Appeals noted in Anaheim Memorial, it is only the final decision of the CMS Administrator, the Secretary's delegate, that is "the final agency decision,"Anaheim Memorial, 120 F.3d at 851, which is subject to review in federal district court.   No such final decision has issued here.  Furthermore, Plaintiff does not appear to take issue with the central premise for which the Secretary cited Anaheim Memorial – that there is no such thing as a remand to a particular level of review within HHS, "only a remand to the agency."  Anaheim Memorial, 120 F.3d at 851 (citing Association of American Medical Colleges v. Califano, 569 F.2d 101, 109 (D.C. Cir. 1977)).  The court in Anaheim Memorial found that the PRRB was the body in that case to "make the agency's  initial decision, subject to the Administrator's review," Anaheim Memorial, 120 F.3d at 851 (emphasis added); likewise, in this case, it is the policy component of CMS that makes the "agency's initial decision," which is then subject to review by the PRRB and, if necessary, by the Secretary.  There is nothing to distinguish the remand process countenanced by the court in Anaheim Memorial from the remand process envisioned by the Secretary in this case, and it does not appear that Plaintiff can contend otherwise.[3]

---

[3] Given the glaring procedural defects in Plaintiff's attempt to bring claims to this Court at this time, the Secretary has attempted to avoid engaging Plaintiff on the merits if, for no other reason, than that there is not a "final decision" of the Secretary that sets forth his factual findings and conclusions of law.  However, even a cursory review of Pl's Mem. reveals that there could be substantial differences between what the agency might believe are the relevant legal standards and what Plaintiff wishes to be the relevant legal standards.  Similarly, there appears to be significant differences of opinion to be drawn from the facts underlying the dispute.

In Plaintiff's opposition, it makes the argument that according to the Secretary's

# CONCLUSION

For the foregoing reasons, and for all the reasons stated in the Secretary's memorandum in support of his motion to dismiss, this Court should grant Defendant's motion to dismiss.

` Dated: July 3, 2007

Respectfully submitted,

<u>       / s /                            </u>
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

---

regulations "a nursing facility that does not provide skilled services on a <u>daily basis to each patient</u> is a facility primarily engaged in providing unskilled custodial and maintenance care." Pl's Mem. at 3, n.2 (emphasis added). The regulations to which Plaintiff refers (and the regulations cited by Plaintiff in its motion for summary judgment in <u>Carney I</u>), deal with the circumstances under which Medicare will make <u>payment</u> for skilled nursing care; those regulations do not answer the question whether a nursing facility was "primarily engaged in" providing skilled care under previous ownership. Indeed, none of the three courts that have analyzed the "primarily engaged in" question have done so with respect to the Secretary's <u>payment</u> regulations concerning skilled care. <u>See</u> <u>St. Elizabeth's Medical Center v. Thompson</u>, 396 F.3d 1228 (D.C. Cir. 2005); <u>Milton Hospital Transitional Care Unit v. Thompson</u>, 377 F. Supp. 2d 17 (D.D.C. 2005); <u>S.C. Management, Inc. v. Leavitt</u>, 413 F. Supp. 2d 1041 (E.D. Mo. 2005). If Plaintiff believes that, under the Medicare statute, the Secretary's payment regulations shed light on the question of what it means to be "primarily engaged in" providing skilled care, then that argument should be presented to the PRRB, with appropriate review by the Administrator of CMS, either of whom may or may not be persuaded to adopt Plaintiff's rationale. It should not be presented to this Court in the first instance.

       / s /
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX: (202) 514-8780

ROBERT W. BALDERSTON
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
 Division
330 Independence Ave., S.W.
Cohen Building, Room 5309
Washington, D.C. 20201
(202) 619-3601/FAX: (202) 401-1405

Counsel for the Secretary

**CERTIFICATE OF SERVICE**

 I hereby certify that on July 3, 2007, an electronic copy of the foregoing Defendant's Reply Memorandum in Support of Motion to Dismiss will be served on plaintiff's counsel *via* the United States District Court's Electronic Case Filing program.

                / s /
                MEGAN L. ROSE
                Assistant United States Attorney
                N.C. Bar No. 28639
                Civil Division
                555 Fourth Street, N.W.
                Washington, D.C. 20530
                (202) 514-7220/FAX: (202) 514-8780