UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| CARNEY HOSPITAL TRANSITIONAL CARE UNIT, | ) ) ) ) |   |
| Plaintiff, | ) ) |   |
| v. | ) ) | Civil Action No. 06-2234 (RCL) |
| MICHAEL O. LEAVITT, Secretary, U.S. Department of Health and Human Services | ) ) ) ) ) |   |
| Defendant. | ) ) |   |

**MEMORANDUM OPINION**

Now before the Court comes defendant Michael O. Leavitt's motion [11] to dismiss. Upon full consideration of the motion, plaintiff's opposition, the reply, the entire record herein, and applicable law, the Court GRANTED defendant's motion in an Order [16] dated March 31, 2008. The reasons for the Court's Order are set forth below.

**I.    BACKGROUND**

Plaintiff Carney Hospital Transitional Care Unit ("Carney TCU") is a hospital-based skilled nursing facility ("SNF") located on the campus of Carney Hospital in Boston, Massachusetts. (*See* Compl. ¶ 1.) Carney Hospital decided to form Carney TCU in 1994 when it purchased the operating rights held by Franklin Nursing Home, which was located in Braintree, Massachusetts. (*See id.* ¶ 24.) Franklin ceased operations in December 1994, and Carney TCU opened in October 1995 as a distinct part of Carney Hospital. (*See id.* ¶ 28.)

On February 1, 1996, Carney Hospital submitted to its Medicare fiscal intermediary a

request for a new provider exemption in an effort to gain temporary entitlement to reimbursement from Medicare for all of its reasonable nursing costs without limitation by the routine cost limits for SNFs established pursuant to 42 U.S.C. § 1395x(v)(1)(A).  (*See id.* ¶ 29.) CMS denied Carney TCU's request on May 8, 1996, finding that Carney TCU was previously Franklin Nursing Home, was established due to Franklin's relocation, and was thus not a new provider entitled to an exemption under 42 C.F.R. § 413.30(e).[1]  (*See id.* ¶ 30.)  According to Carney TCU, denial of its request for a new provider exemption resulted in reduced Medicare reimbursement of $3,000,000 during fiscal years 1996, 1997, and 1998.  (*See id.* ¶ 32.)

On July 25, 1996, Carney Hospital appealed CMS's decision and requested a hearing before the Provider Reimbursement Review Board ("PRRB").  (*See id.* ¶ 33.)  Following a hearing, the PRRB found that CMS's rejection was proper.  (*See id.* ¶ 35.)

Carney TCU sought judicial relief in this Court by filing a lawsuit in September 2004. *See Carney Hosp. Transitional Care Unit v. Leavitt*, No. 04-cv-1598 ("*Carney I*").[2]  Two months later, this Court granted defendant's consent motion [7] to stay proceedings pending the D.C. Circuit's decision in *St. Elizabeth's Medical Center of Boston, Inc. v. Thompson*, 396 F.3d 1228 (D.C. Cir. 2005), a similar case involving denial of a new provider exemption request.  Soon after the D.C. Circuit decided that case, defendant moved to remand *Carney I* to the Secretary of the Department of Health and Human Services (the "Secretary") for a determination consistent

---

[1] The new provider exemption appears at 42 C.F.R. § 413.30(d) in the current regulations.

[2] Today, the Court issues a separate Memorandum and Order [33] in *Carney I* denying Carney TCU's motion for summary judgment in that case without prejudice to refiling said motion once administrative remedies have been exhausted and the case has been reopened on the Court's active dockets.

with the standard announced *St. Elizabeth's*. On June 1, 2006, this Court ordered *Carney I* remanded to the Secretary for application of the *St. Elizabeth's* standard and for consideration of the full administrative record that was before the PRRB. (*See* Remand Order, *Carney I*, Docket Entry No. 21.)

On remand, the CMS Director of the Chronic Care Policy Group found that in light of *St. Elizabeth's*, denial of Carney TCU's exemption was still proper. (*See* CMS Policy Group Decision (Nov. 2, 2006), Ex. A to Compl. at 6.) The CMS decision instructed plaintiff:

> This is the final decision of the CMS. If Carney Hospital Transitional Care Unit is dissatisfied with this decision, as provided at 42 C.F.R. § 413.30(c), it may seek review of this decision by filing a request for hearing with the Provider Reimbursement Review Board within 180 days of the date of this decision. We refer the parties to Medicare regulations, 42 C.F.R. Part 405 Subpart R for further information about the Board's authority and proceedings before it.

(*See id.*)

Carney TCU filed its complaint in this lawsuit on December 28, 2006.[3] Plaintiff asserts that review by this Court is proper because the Secretary—in violation of the Court's remand order—delegated to the CMS Policy Group its obligation to apply the *St. Elizabeth's* standard and ignored the Court's instruction that he consider the record that was available to the PRRB. (*See* Compl. ¶ 43–45.) Further, Carney TCU does not view appeal to the PRRB as a prerequisite to judicial review because the PRRB already made a determination regarding plaintiff's new

---

[3] Carney TCU is simultaneously pursuing the administrative appeals process. Accordingly, it filed a notice of appeal of the CMS decision with the PRRB. (*See* Request for PRRB Hearing (Apr. 19, 2007), Ex. A to Mot. to Dismiss.) Although plaintiff invokes the administrative review process, the notice makes clear that Carney TCU maintains the position that further administrative review is improper.

Upon request by the parties, the PRRB placed its administrative appeal in abeyance pending action by the Court in this case. (*See* PRRB Ltr. (Jun. 14, 2007), Ex. B to Opp.)

provider exemption request—albeit before the Court of Appeals issued its *St. Elizabeth's* opinion. Thus, according to Carney TCU, it has exhausted administrative remedies. Defendant disagrees and moves to dismiss Carney TCU's complaint for lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies as envisioned by the Medicare statute.

## II.     ANALYSIS

### A.     Legal Standard

#### 1.     Standard of Review:  Motion to Dismiss

Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Federal courts are courts of limited jurisdiction. When a party files a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "the plaintiff[ ] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *Biton v. Palestinian Interim Self-Gov't Auth.*, 310 F. Supp. 2d 172, 176 (D.D.C. 2004); *see McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (indicating that plaintiff has the burden of establishing jurisdiction). A court considering a motion to dismiss for lack of jurisdiction must construe plaintiff's complaint in plaintiff's favor, accepting all inferences that can be derived from the facts alleged. *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). Additionally, when assessing a motion to dismiss under Rule 12(b)(1), a court may also consider any undisputed facts in the record, or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

## 2.     Medicare Statutory Exhaustion Requirements

"Federal subject matter jurisdiction over claims arising under the Medicare Act is permitted only upon the completion of the administrative process outlined in that statute and its implementing regulations." *Three Lower Counties Cmty. Health Servs. v. U.S. Dept. of Health & Human Servs.*, 517 F. Supp. 2d 431, 435 (D.D.C. 2007) (citing 42 U.S.C. § 405(g), (h)). Indeed, this Circuit has stated:

> "No action against the United States, the [Secretary of Health and Human Services], or any officer or employee thereof shall be brought under 28 U.S.C. § 1331 . . . to recover on any claim arising under" the Medicare Act. 42 U.S.C. §§ 405(h), 1395ii. Judicial review may be had only after the claim has been presented to the Secretary and administrative remedies have been exhausted. *See* 42 U.S.C. §§ 405(g), (h), 1395w-22(g)(5); *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 8–9 (2000). This bar against § 1331 actions applies to all claims that have their "standing and substantive basis" in the Medicare Act.

*Am. Chiropractic Ass'n v. Leavitt*, 431 F.3d 812, 816 (D.C. Cir. 2005) (citations omitted); *see also Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) (stating that "[e]xhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have the opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review"). Even if the administrative process is time-consuming, it must be followed as long as it is available. *See Three Lower Counties*, 517 F. Supp. 2d at 435 (citing *Ill. Council*, 529 U.S. at 20, 22–23).

When providers of services wish to challenge a final determination of CMS or their fiscal intermediary, they generally have a right to appeal the determination to the PRRB. *See* 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835(a). Following a PRRB decision, providers may then

5

have access to judicial review according to the jurisdictional guidelines established by Congress. *See* 42 U.S.C. § 1395oo(f).  The relevant portion of this statute provides that a decision by the PRRB becomes final for purposes of seeking judicial review unless "within 60 days after the provider of services is notified of the Board's decision, [the Secretary] reverses, affirms, or modifies the Board's decision."  *Id.* § 1395oo(f)(1).

### B. Carney TCU Has Not Exhausted Administrative Remedies

This Court finds, for the reasons set forth below, that plaintiff has not exhausted administrative remedies as required by the Medicare Act, and that the Court is without subject matter jurisdiction to evaluate the merits of plaintiff's claims at this time.

As a preliminary matter, the Court wishes to clarify that its remand Order [21] to the Secretary was not as narrow as plaintiff claims.  Although the Court's Order specifies that it remanded with instructions for the Secretary to apply "the standard announced in *St. Elizabeth's* . . . and for consideration of the full administrative record that was before the [PRRB]," the Order did not limit the Secretary's authority on remand in such a manner that would have caused its review process to be substantially different from that which it normally employs.[4]  (*See* Remand Order, *Carney I*, Docket Entry No. 21.)  This Court's expectation was—and remains—that the Secretary would have the authority to conduct a multi-level review on remand

---

[4] Plaintiff contends that it sets forth three independent bases for entitlement to a new provider exemption, and that *St. Elizabeth's* and this Court's remand Order only concerned one of those bases—whether Franklin had operated as an equivalent to an SNF by "primarily engaging" in providing such services.  (*See* Opp. at 3–4.)  This is of no import to the Court's decision today because even if *St. Elizabeth's* only impacts one basis for recovery, the Court would not address the merits of plaintiff's suit until plaintiff had received a final decision on remand as it pertained to that theory of recovery.

that would only be ripe for judicial review upon final agency decision.[5]  Consistent with this expectation, the Secretary's July 7, 2006 remand order to CMS indicated that CMS's determination would be "subject to the appeal provisions of subpart R of part 405 of Chapter 42 of the CFR." (*See* HHS Remand Order, *Carney I*, Ex. D to Mot. for Summ. J.)  The referenced regulations explicitly state that judicial review is not permitted until a provider obtains a PRRB final decision or a reversal, affirmation, or modification, of such a decision by the Secretary.  *See* 42 C.F.R. § 405.1877(a).  Further, CMS's decision on remand denying Carney TCU's request for a new provider exemption made clear that it did not consider that the agency review process had been exhausted as it advised Carney TCU of its right to appeal to the PRRB.[6]

Rather than restrict its efforts to pursuing its administrative appeal on remand, which would have resulted in a PRRB hearing on June 28, 2007,[7] plaintiff filed this suit, which

---

[5]  To the extent that Carney TCU argues that the Court's remand Order was directed solely at a specific level of agency review rather than to the agency as a whole, this Court did not intend such a result, and the Court is not aware of any basis that would permit it to order such a remand.  *See Anaheim Mem'l Hosp. v. Shalala*, 130 F.3d 845, 851 (9th Cir. 1997) (citing *Assoc. of Am. Med. Colleges v. Califano*, 569 F.2d 101, 109 (D.C. Cir. 1977)) (stating that there is "no such thing as remand" to a particular part of the Department of Health and Human Services, "only a remand to the agency").  In *Anaheim*, the district court attempted to remand a case to the PRRB, but it could not do so because the court's remand authority was limited to remanding to the agency as a whole.  *See id.*  There, the PRRB happened to be the entity that reconsidered the agency's previous decision because the Medicare statute decreed that the PRRB make such a decision, not because the court ordered this to be so.  *See id.*

[6]  Plaintiff notes that the CMS Policy Group's letter uses the phrase "final decision" and argues that its decision is thus final for the purpose of permitting judicial review.  (*See* Opp. at 6.)  However, in context, the letter makes clear that appeal to the PRRB—not filing suit in district court—would be the next step in plaintiff's challenge.

[7] A PRRB hearing was scheduled for June 28, 2007, and cancelled on June 14, 2007 when the PRRB granted the parties' request to place the PRRB proceedings in abeyance.  (*See* PRRB Ltr. (Jun. 14, 2007), Ex. B to Opp.)

7

ultimately halted the PRRB process while the Court considered the parties' motions at this premature stage. Presumably, upon issuance of today's Order, the PRRB hearing will again be scheduled and plaintiff will be able to obtain a final decision at which time judicial review would be appropriate. This PRRB hearing would not be redundant merely because the PRRB already reviewed plaintiff's request prior to the Court of Appeals' opinion in *St. Elizabeth's*. The PRRB, now bound by new D.C. Circuit precedent, is entitled to evaluate plaintiff's request under the current standard before decision on the request is ripe for judicial review. *See Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) (indicating that courts should not prematurely interfere with agency processes prior to exhaustion). This process will permit the Court—if ultimately necessary—to review the Secretary's final decision based on the new standard.

### III.   CONCLUSION

For the reasons set forth above, plaintiff's complaint has been dismissed because Carney TCU had not exhausted administrative remedies, thus leaving the Court without subject matter jurisdiction to consider its causes of action. Accordingly, this Court issued an Order dated March 31, 2008, GRANTING defendant's motion to dismiss.

Signed by Royce C. Lamberth, United States District Judge, on April 24, 2008.